[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 27, 2011
JOHN LEY
CLERK

No. 11-11456
Non-Argument Calendar
_____

Agency No. A-087-379-964


YULIYA VALERIYEVNA KORENCHENKOVA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 27, 2011)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Yuliya Korenchenkova, a native and citizen of Russia, seeks review of the final order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of her application for asylum under 8 U.S.C. § 1158(a); withholding of removal under 8 U.S.C. § 1231(b)(3); and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT") pursuant to 8 C.F.R. § 208.16(c).

Korenchenkova asserted in her application that she suffers persecution in her home country, due to her homosexuality (membership in a particular social group) and her support for civil rights for homosexuals in Russia (political opinion).[1] The IJ rejected both of Korenchenkova's arguments, finding that she failed to show mistreatment rising to the level of persecution or a reasonable fear of future persecution. Korenchenkova filed an appeal, which was dismissed by the BIA.[2] On appeal before this Court, Korenchenkova argues that the IJ and the BIA clearly erred in concluding that she failed to show that she has been or will be

[1] Korenchenkova specifically abandoned her claim for CAT relief in her brief before the BIA, and did not raise the argument in her brief before us. Thus, we will not further address the CAT claim.

[2] The BIA failed to address Korenchenkova's claims regarding her eligibility for relief on account of her political opinion. We conclude that Korenchenkova has abandoned any argument that the BIA erred in doing so because she failed to raise the BIA's omission on appeal. See, e.g., Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

persecuted.[3] Upon review of the record and consideration of the parties' briefs, we deny the petition.

When, as here, the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review de novo the BIA's legal determinations and its factual findings, including credibility determinations, under the substantial evidence standard of review. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817–18 (11th Cir. 2004). Under the substantial evidence test, we reverse a decision only if the evidence on the record "compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

To obtain asylum, the applicant must show that she has suffered past persecution, or possesses a well-founded fear of future persecution. 8 C.F.R. § 208.13(a, b); Sepulveda, 401 F.3d at 1230–31. This Court has described

---

[3] Korenchenkova also argues that the IJ and BIA erred by finding that she was less than fully credible. Though both expressed some doubts regarding testimonial inconsistencies, neither the IJ nor the BIA made an explicit adverse credibility finding. Rather they found Korenchenkova "mostly credible," and both construed all the evidence in Korenchenkova's favor. Indeed, Korenchenkova states: "the IJ basically found the facts [she] testified to as true." Thus, we decline to address this argument and, in reviewing Korenchenkova's petition, we consider her testimony and evidence fully credible.

3

persecution as an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda, 401 F.3d at 1231 (quotation marks omitted); see also Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008) (stating that a beating with "only scratches and bruises" does not constitute persecution). Furthermore, "employment discrimination which stops short of depriving an individual of a means of earning a living does not constitute persecution." Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1291 (11th Cir. 2006) (concluding that applicant's inability to obtain employment was not persecution, absent a showing that he sought a job outside the region of his mistreatment).

Past persecution encompasses the cumulative effects of any mistreatment suffered by the applicant, Delgado v. U.S. Att'y Gen., 487 F.3d 855, 861 (11th Cir. 2007), while a well-founded fear of future persecution requires the "reasonable possibility" that an applicant will suffer persecution if she returns to her home country. Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1256 (11th Cir. 2007) (quotation marks omitted).[4]

---

[4] The fear of persecution must be "subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. To meet her burden of proof, the applicant can present "specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of [the statutorily protected factor]." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation omitted). Alternatively, she can establish a "pattern or practice" in her country of "persecution of a group of persons similarly situated" and a reasonable fear of persecution on account of a protected ground based on her inclusion in that group. 8 C.F.R. § 208.13(b)(2)(iii).

The standard for withholding of removal is more stringent than that for asylum. Thus, if an applicant is unable to meet the "well-founded fear" standard for asylum, she also is generally precluded from qualifying for withholding of removal. See Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006); Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1324 n.2 (11th Cir. 2001).

Substantial evidence supports the findings of the IJ and the BIA that any difficulties Korenchenkova suffered did not rise to the level of persecution. While the harm Korenchenkova experienced in Russia—consisting of bruising to her arms, hands, and body as a result of three isolated incidents over a period of several years—certainly amounts to harassment, the record does not compel us to find that it meets the "extreme" threshold for persecution. See Sepulveda, 401 F.3d at 1231. Despite Korenchenkova's argument that the IJ and the BIA failed to consider the cumulative effect of the multiple harms she suffered, a review of the record indicates otherwise.

Furthermore, substantial evidence supports the findings of the IJ and the BIA that Korenchenkova failed to demonstrate a well-founded fear of future persecution on account of a her status as a lesbian. The record includes evidence that homosexuals are able to live daily life, including finding employment, without serious harassment or discrimination, at least in larger Russian cities. It also

5

contains evidence supporting the finding that the Russian government has never targeted Korenchenkova on account of her sexual orientation, and that the government has maintained some control over those who might attack homosexuals. In light of this substantial evidence, we affirm the BIA's conclusions that Korenchenkova failed to establish either past persecution or a well-founded fear of future persecution on account of her membership in a particular social group.

Finally, because Korenchenkova did not prove that she is entitled to asylum relief, she necessarily failed to meet the more stringent standard for withholding of removal as well. See Tan, 446 F.3d at 1375.

For these reasons, we deny Korenchenkova's petition for review.

**PETITION DENIED.**